UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

---------------------------------------------------------x
MALCOLM JOHNSON,                              :
an individual,                                :     CIVIL ACTION
                                              :
        Plaintiff,                            :     CASE NO.:
                                              :
vs.                                           :     Judge:
                                              :
ARC CAFEHLD001, LLC,                          :     Magistrate:
                                              :
        Defendant.                            :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this Complaint against ARC CAFEHLD001, LLC (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides about 5.3 miles away from the facility which is the subject of this action.

4. MR. JOHNSON is a qualified individual with a disability under the ADA. MR. JOHNSON suffers from chronic obstructive pulmonary disease (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON

without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5. MR. JOHNSON also suffers from arthritis in both knees and osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6. Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Delaware and doing business in St. Louis County.

8. Upon information and belief, DEFENDANT can be contacted through its registered agent in Missouri located at:

> CT Corporation System
> 120 South Central Ave
> Clayton, MO 63105

9. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of this action, to wit: Lee's Famous Recipe Chicken, located at 10645 St. Charles Rock Rd., St. Ann, MO 63074 (hereinafter referred to as "the Property").

10. The Property is a restaurant.

11. DEFENDANT is obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. JOHNSON realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located

at 10645 St. Charles Rock Rd., St. Ann, MO 63074.

14. MR. JOHNSON lives approximately 5.3 miles away from the Property.

15. Upon information and belief, MR. JOHNSON last entered the Property during the month of December of 2017. MR. JOHNSON desires to visit the Property again in the near future, but is presently concerned that he will encounter difficulty at the Property due to the non-compliant architectural barriers that affect his mobility disability.

16. MR. JOHNSON visited the Property numerous times in the past prior to December of 2017.

17. MR. JOHNSON desires to visit the Property multiple times in the future to purchase meals and to purchase DEFENDANT'S famous chicken.

18. During past visits to the Property, MR. JOHNSON has personally observed or encountered non-compliant architectural barriers described in Paragraph 27(A)-(C).

19. In addition to encountering the architectural barrier discussed in Paragraph 27(A)-(C), MR. JOHNSON is aware that the barriers discussed in Paragraph 27(D)-(I) presently exist at the Property due to a pre-suit due diligence investigation conducted prior to filing this lawsuit. Specifically, counsel for MR. JOHNSON retained an expert to conduct an investigation of the Property to assess whether the Property is accessible to individuals who use mobility devices, such as MR. JOHNSON.

20. During his visits to the Property, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the accommodations offered at the Property due to non-compliant architectural barriers that affect his mobility-related disability.

21. The discrimination alleged herein is ongoing.

22. Due to the accessibility barriers discussed below, MR. JOHNSON knows that he will

have difficulty patronizing the restaurant at the Property in the future.

23. MR. JOHNSON continues to desire to visit the Property and patronize the restaurant, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 27.

24. The barriers discussed below in Paragraph 27 are excluding MR. JOHNSON from equal participation in the programs, services, and activities offered at the Property.

25. MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

26. MR. JOHNSON presently fears that he will encounter the mobility-related barriers that exist at the Property when he returns to the Property in the near future.

27. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers that presently exist at the Property:

    A. The parking lot lacks the requisite number of accessible designated parking spaces.

    B. There is no vertical signage marking the only accessible designated parking space in the parking lot.

    C. The sales and service counter inside the restaurant is too high, without any lowered portion or auxiliary service counter for use by people with mobility-related disabilities.

    D. The knob on the door to the men's restroom requires an impermissible grasping and twisting motion to operate.

    E. The pipes beneath the lavatory inside the men's restroom are not

completely insulated, exposing people with mobility-related disabilities to risk of abrasions and burns.

    F.    The toilet in the men's restroom is located too far from the side wall.

    G.    The seat on the toilet in the men's restroom is located too high off the finish floor.

    H.    The flush controls on the toilet in the men's restroom are located on the wall side rather than on the open/transfer side.

    I.    There is no rear grab bar behind the toilet in the men's restroom.

    J.    The urinal inside the men's restroom interferes with the required clear floor space around the toilet.

28. MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 27 are removed.

29. In investigating MR. JOHNSON's claims, undersigned counsel retained an ADA expert to inspect the Property. MR. JOHNSON's ADA expert independently verified that the barriers in Paragraph 27 presently exist at the Property.

30. MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

31. Upon information and belief, all barriers to access and ADA violations at the Property still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

32. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and

would not place an undue burden on DEFENDANT.

33. Upon information and belief, removal of the barriers to access located at the Property would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

34. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANT pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
Marc P. Florman (# 35128LA)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus